640 So.2d 686 (1994)
Tanya Ferrington MAYEUX (Edwards), Plaintiff-Appellant,
v.
Oscar W. MAYEUX, et al., Defendant-Appellee.
No. 93-1603.
Court of Appeal of Louisiana, Third Circuit.
June 1, 1994.
Lauren Gay Coleman, Alexandria, for Tanya Ferrington Mayeux.
Patricia A. Goodwin, Alexandria, for Oscar W. Mayeux, et al.
Before COOKS and DECUIR, JJ., and CULPEPPER, J. Pro Tem.[*]
DECUIR, Judge.
The issue presented by this appeal is whether the trial court erred in maintaining legal custody of a minor child with the child's paternal aunt and uncle, rather than grant a change in custody in favor of the natural mother.

FACTS
The facts in this custody dispute, though somewhat unclear from the record, are not seriously in dispute. Tanya Ferrington Mayeux and Oscar Mayeux separated in 1989 after six years of marriage and three children. The initial judgment gave Tanya Mayeux custody of all three children. In August 1990, after her arrest for three counts of distribution of cocaine, Tanya Mayeux entered into a Joint Petition for Change of Custody. A stipulated judgment transferring custody of the three children to the grandparents and aunts and uncles was signed on August 24, 1990.
Tanya Mayeux later sought to regain custody of her three children. After a court ordered psychological evaluation, custody of the two older children was awarded to Tanya Mayeux. Tanya Mayeux subsequently filed this rule seeking custody of the youngest child, Nicholas Mayeux. A hearing was held in chambers and a judgment issued maintaining custody of Nicholas Mayeux with his *687 paternal aunt and uncle. Tanya Mayeux filed this appeal.

LAW AND DISCUSSION
Tanya Mayeux contends that the trial court applied the wrong burden of proof and failed to follow statutory guidelines in maintaining custody of Nicholas with his aunt and uncle. We disagree.
Both the original custody decree and the second decree granting custody of the three children to grandparents and aunts and uncles were uncontested or no evidence was presented. Thus, those judgments were not "considered decrees." LSA-C.C. Art. 131(B) sets forth who has the burden of proof and the standard of proof in a custody contest between a parent and non-parent. That article provides that before an award of custody may be made without the consent of the parent to a non-parent, the non-parent must show that an award of custody to the parent would be detrimental to the child and that an award to the non-parent serves the best interest of the child. Love v. Love, 536 So.2d 1278 (La.App. 3d Cir.1988).
In the instant case, at the initial decree granting custody to the aunt and uncle, the natural mother consented to the judgment. Now, after failing to convince the trial court to award her custody, Tanya Mayeux argues that the aunt and uncle failed to carry their burden of proof.
The law is not clear as to who bears the burden of proof and what proof is necessary at a subsequent hearing by a parent against a non-parent to modify a "nonconsidered" custody decree. Clearly, at the initial hearing the non-parent must carry the statutory burden. Gordy v. Langner, 502 So.2d 583 (La.App. 3d Cir.1987). However, as to a subsequent hearing to change custody awarded by a "nonconsidered decree" the Second Circuit has held that the burden of proof is on the party seeking the change and that the burden is the same as in any other action to modify custody. Hill v. Hill, 602 So.2d 287 (La.App. 2d Cir.1992).
We agree with the holding of the Second Circuit and find that Tanya Mayeux had the burden of proof in this case. The party seeking modification of a consent decree awarding permanent custody must establish that there has been a material change in circumstances since the custody decree was rendered and that a change of custody is in the best interests of the child. Kleiser v. Kleiser, 619 So.2d 178 (La.App. 3d Cir.1993).
As noted above, the mother in this case consented to a judgment awarding custody to the aunt and uncle. To require the nonparents to meet the burden of proof set forth for an original action in a subsequent custody contest initiated by the natural mother would be "tantamount" to transforming a "non-considered" decree of permanent custody into a mere temporary award. Hill, supra. Clearly, this would not serve the best interest of the child.
Custody disputes are emotionally draining on all parties involved. It is well established that the trial court is in a better position to evaluate the best interest of the child from its observances of the parties and witnesses and its decision will not be disturbed on review absent a clear showing of abuse. State in the Interest of Sylvester, 525 So.2d 604 (La.App. 3d Cir.1988). We find no abuse of discretion in this case.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are taxed against appellant, Tanya Ferrington Mayeux.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.