LGREMILLION, Judge.
Dennis Wayne Breaux, through his curator, appeals the trial court’s award of sole custody of their two minor children, Bradley, age fifteen, and Amy, age thirteen, to his former wife, Phyllis Ann Bouillion Breaux. We affirm the trial court’s award of custody.
FACTS
Phyllis and Dennis were married on September 12,1978, in Vermillion Parish, Louisiana and lived together in Gueydan, Louisiana, until they physically separated on April 21, 1995. Phyllis filed a petition for divorce on April 27, 1995. At the hearing held on November 14, 1995, the only contested matter was the custody of the children. It was stipulated that Dennis has been interdicted due to a massive head injury he received in an offshore oil field accident and that his father, Melvin Breaux, was appointed his curator. It was further stipulated by both parties that the curator, if called to the stand, would testify that “Dennis Breaux is fully capable and ^disposed to give both of his children love and affection,, and with his curator (sic) is prepared and able to provide spiritual guidance for his children and continue his children’s education and rearing.” Additionally, it was stipulated that, as a result of his injury, Dennis is incapable of making either day-to-day or major parental decisions for the children. In order to máke those decisions, it was further stipulated that he would need the help and advice of his curator.
The trial court determined that sole custody in favor of Phyllis was in the best interest of the children because Dennis was interdicted and “could not make day-to-day decisions and actually take care of his children, were he given custody, without the help of his father who is the curator.” The trial court also granted the divorce, barred Phyllis from receiving permanent alimony, awarded child support in the amount of $450.00 per month per child until they reach the age of majority, and granted visitation rights to Dennis. The award of custody is the sole issue raised by this appeal.
CUSTODY
“In a proceeding for divorce or thereafter, the court shall award custody of a child in accordance with the best interest of the child.” La.Civ.Code art. 131. In the absence of an agreement by the parents concerning the custody of the children, or if the agreement is found not to be in the best interest of the children, “the court shall award custody to the parents jointly; however, if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent.” La.Civ.Code art. 132. Factors to be considered in determining the best interest of the child are provided in La.Civ.Code art 134:
*1108 The court shall consider all relevant factors in determining the best interest of the child. Such factors may include:
(1) The love, affection, and other emotional ties between each party 13and the child.
(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other medical needs.
(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
(6) The moral fitness of each party, insofar as it affects the welfare of the child.
(7) The mental and physical health of each party.
(8) The home, school, and community history of the child.
(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
(11) The distance between the respective residences of the parties.
(12) The responsibility for the care and rearing of the child previously exercised by each party.
Absent a clear showing of an abuse of discretion, an award of custody by a trial court will not be disturbed. Mayeux v. Mayeux, 93-1603 (La.App. 3 Cir. 6/1/94); 640 So.2d 686.
ASSIGNMENT OF ERROR NUMBER ONE
Dennis claims in his first assignment of error that the trial court erred by relying solely on the fact of his mental incapacity and his interdiction in awarding sole custody to Phyllis.
Although not law, the comments to Article 134 reveal that the factors setUforth in the article are provided as a guide and the court is to determine the weight given to each factor. The wording of Article 134 illustrates that the court is not bound to make a mechanical evaluation of all factors listed. For example, the first sentence of Article 134 requires the court to consider all relevant factors when making a custody determination. The second sentence provides that “such factors may include” the twelve factors listed. It is clear that the legislature recognizes that the factors listed may not be relevant to every custody decision. Each case should be decided on its on facts in light of these factors. Indeed, in the case subjudice, the trial court found that because of Dennis’ interdiction, he could not make decisions regarding his children. It would be absurd to require the court to do a mechanical analysis of each factor in Article 134, since there is no analysis it could make that would negate the fact that Dennis is mentally incapable of making important decisions regarding his children.
It is clear from the trial court’s oral reasons that it felt that the interdiction of Dennis was significant enough to warrant sole custody being vested in Phyllis. Counsel for Dennis claims that the evidence is uncontra-dicted that Dennis is capable of exercising his custodial rights over his children with the assistance of his curator. However, the fact remains that it has been determined that Dennis cannot make decisions regarding his own affairs without the assistance of his curator. By awarding joint custody, the trial court would, in effect, be awarding joint custody to the curator, in this instance, Dennis’ father, Melvin Breaux.
Under La.R.S. 9:335, assuming that Phyllis would be the domiciliary parent, she would have the authority to make all decisions affecting the children; however, the curator could require the court to review her decisions. Likewise, under La.R.S. 9:336, joint custody would obligate Phyllis to confer with the curator when ^exercising her decision making authority. The law does not contemplate that joint custody be awarded to a parent and a non-parent, which would be *1109 the effect of a joint custody award in this case. A plan that would effectively award joint custody to a parent and a nonparent would be tantamount to depriving the “natural parent of the primary duty and responsibility of raising her children and amounts to a deprivation of her custody in favor of non-parents.” Merritt v. Merritt, 550 So.2d 882, 888 (La.App. 2 Cir.1989). “[T]he party moving that someone other than the parent have custody has the burden of proving that the parent or parents are unfit and that substantial harm would result to the children.” Creed v. Creed, 94-268 (La.App. 3 Cir. 12/21/94); 647 So.2d 1362, 1365. Dennis or his curator made no attempt to prove that Phyllis was unfit or that substantial harm would result if she was awarded sole custody of the children. For the reasons set forth above, we find this assignment of error is without merit.
ASSIGNMENT OF ERROR NUMBER TWO
By this assignment, the curator argues that the trial court, because of Dennis’ interdiction, placed the burden on him to prove Phyllis’ incapacity as the children’s custodian instead of evaluating the evidence produced at the hearing to determine if Phyllis had proved by clear and convincing evidence that sole custody in her favor was in the best interest of the children. We disagree. The trial court stated in his oral reasons for judgment:
the Court will find that due to the terrible accident incurred by Mr. Dennis Breaux which resulted in his loss of mental faculties to the extent that he, in the Court’s opinion, could not make day-to-day decisions and actually take care of his children, without the help of his father who is the curator, and there having been no proof to the contrary to show that the mother is not capable of taking care of the two children, the Court finds that it is in the best interest of the children in the view of these facts, that sole custody rather than joint custody be granted to the mother.
|6We find the curator’s appreciation of the trial court’s ruling unreasonable. Here, the trial court made two determinations: Dennis is not mentally capable of making day-to-day decisions regarding his children and Phyllis is capable making these decisions. We do not read this as requiring Dennis to prove that Phyllis is not capable of exercising custody.
Accordingly, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NUMBER THREE
Dennis asserts in assignment number three that the trial court violated the mandatory wording of La.Civ.Code art. 132 in awarding sole custody of the children to Phyllis. While the wording of Art. 132 uses the word shall, this mandatory wording is tempered by the second clause of the sentence which permits sole custody when it is shown by clear and convincing evidence that such is in the best interest of the children. It is clear from its reasons for judgment, quoted above, that the trial court determined that it was proved by clear and convincing evidence that sole custody was in the best interest of the children.
Accordingly, this assignment of error lacks merit.
CONCLUSION
For these reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the appellant, Dennis Breaux, through his curator, Melvin Breaux.
AFFIRMED.