NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-848

ROBBIE WAYNE WILLIS

VERSUS

KRISTY LORRAINE (LOWE) WILLIS

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 85,073
HONORABLE JAMES R. MITCHELL, DISTRICT JUDGE

**********

PHYLLIS M. KEATY
JUDGE

**********

Court composed of John D. Saunders, Phyllis M. Keaty, and John E. Conery, Judges.

AFFIRMED.

Scott Westerchil
Attorney at Law
301 South 3rd Street
Leesville, Louisiana  71446
(337) 238-0019
Counsel for Plaintiff/Appellant:
        Robbie Wayne Willis

Judi F. Abrusley
Attorney at Law
Post Office Box 1114
Oakdale, Louisiana  71463
(318) 335-9771
Counsel for Defendant/Appellee:
        Kristy Lorraine (Lowe) Willis

**KEATY, Judge.**

In this child custody case, the father appeals a trial court judgment granting joint custody of his two children to him and his ex-wife, designating her as the primary custodial parent, and ordering him to pay his ex-wife $956 per month as child support. Finding no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

Robbie Wayne Willis and Kristy Lorraine Lowe Willis were married on July 1, 2005. Robbie and Kristy are the parents of two minor children: Tyler Willis, who was born on January 4, 2001, before the parties were married; and Bryleigh Willis, who was born on October 22, 2007. According to the Petition for Divorce and Custody filed by Robbie on June 23, 2011, the parties lived in Pitkin, Louisiana, until they separated on June 1, 2011, when Kristy left the family home, taking the children with her. In his petition, Robbie sought temporary custody of the children, alleging that such would be in their best interest. He further prayed that he ultimately be awarded sole custody of the children or joint custody with him being designated as the primary custodial parent, subject to reasonable visitation in favor of Kristy.

Kristy answered the petition and filed a reconventional demand, wherein she requested that joint custody of the children be granted and that she be designated as the domiciliary parent. She also sought awards of child support and interim spousal support. Robbie answered the reconventional demand with a general denial.

The matter came for hearing on January 27 and February 28, 2012, on the issues of custody, child support, and interim spousal support. The trial court issued written reasons at the conclusion of the hearing finding that, after considering the factors outlined in La.Civ. Code art. 134, it had determined that joint custody was

in the best interest of the children. Kristy was designated as the domiciliary parent with Robbie having visitation in accordance with an Implementation Plan for Joint Custody (Joint Custody Plan). Robbie was ordered to pay Kristy child support in the amount of $956 per month, retroactive to the date of filing and with credit for any amounts paid. The trial court found that the evidence did not support Kristy's claim for interim spousal support. Written Judgment was signed on April 9, 2012; attached thereto was the Joint Custody Plan.

Robbie now appeals, assigning the following errors. First, he asserts that the trial court abused its discretion in naming Kristy as the primary custodial parent and in granting him visitation according to the Joint Custody Plan. Next, assuming that we find merit to his first assignment of error, Robbie asserts that the trial court abused its discretion in awarding Kristy $956 per month in child support.

**DISCUSSION**

In *Bergeron v. Clark*, 02-493, p. 3 (La.App. 3 Cir. 10/16/02), 832 So.2d 327, 329, *writ denied*, 03-134 (La. 1/29/03), 836 So.2d 54 (quoting *State ex rel. AR*, 99-813, p. 8 (La.App. 1 Cir. 9/24/99), 754 So.2d 1073, 1077-78) (citations omitted), we discussed the standard of review applicable in child custody cases, as follows:

> In cases involving the custody of children, the trial court is vested with a vast amount of discretion. The trial court is in a better position to evaluate the best interest of a child because of its superior opportunity to observe the parties and the witnesses who testified at the trial. As an appellate court, we must afford great deference to the trial court's decision, not only because of that court's better capacity to evaluate witnesses, but also because of the proper allocation of trial and appellate functions between the respective courts. Thus, the trial court's decision will not be disturbed on review except in the clearest case of abuse of the trial court's great discretion.

More recently, in *Thibodeaux v. O'Quain*, 09-1266, pp. 3-4 (La.App. 3 Cir. 3/24/10), 33 So.3d 1008, 1012, we reviewed the task of a trial court in making determinations of child custody, noting:

> In a custody proceeding, the trial court's focus is the best interest of the child. La.Civ.Code art. 131; *Evans v. Lungrin*, 97-541, 97-577 (La.2/6/98), 708 So.2d 731. All factors relevant to the child's best interest must be considered. La.Civ.Code art. 134. As provided in Article 134, the factors considered "may include":
>
> > (1) The love, affection, and other emotional ties between each party and the child.
> >
> > (2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
> >
> > 3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
> >
> > (4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
> >
> > (5) The permanence, as a family unit, of the existing or proposed custodial home or homes.
> >
> > (6) The moral fitness of each party, insofar as it affects the welfare of the child.
> >
> > (7) The mental and physical health of each party.
> >
> > (8) The home, school, and community history of the child.
> >
> > (9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
> >
> > (10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.
> >
> > (11) The distance between the respective residences of the parties.
> >
> > (12) The responsibility for the care and rearing of the child previously exercised by each party.

## Assignment of Error Number One

Robbie contends that the trial court abused its discretion in naming Kristy as the primary custodial parent under the Joint Custody Plan as that designation was not in the best interest of the minor children. Kristy counters that the record supports a reasonable factual basis for the trial court's rulings and that there is no evidence to support Robbie's claim that the trial court abused its discretion in naming her as the primary custodial parent.

According to the testimony presented at trial, Robbie and Kristy, along with their two children, resided in Pitkin, Louisiana, until their separation on June 1, 2011. From that date forward, Kristy and the children began living in Oakdale, Louisiana, at a residence owned by Kristy's mother and located approximately twenty miles away from their former residence. Thereafter, Tyler began attending Oakdale Middle School instead of returning to Plainview School, which he had previously attended. Bryleigh continues to attend the same daycare in Oakdale as she did before her parents' separation.

When Tyler attended Plainview School, the bus dropped him off at his paternal grandparents' home every day. Kristy, who has throughout these proceedings worked at a technical college in Oakdale, would bring Bryleigh to daycare on her way to work. When she finished work at 4:00 p.m., Kristy would pick up Bryleigh and then get Tyler from Robbie's parents' home. There was testimony that Tyler did poorly in the fourth grade at Plainview School and that he would not be allowed to move on to fifth grade unless he passed summer school. Although the parties gave conflicting testimony regarding who encouraged Tyler to get promoted to the fifth grade, the fact of the matter is that Tyler did successfully complete summer school and was able to enter the fifth grade that fall. Kristy testified that Tyler is currently doing well in school in Oakdale, that he has

made friends, and that he is participating in sports. She stated that she enrolled Tyler in counseling at his school to help him deal with anger management.

During the majority of his marriage to Kristy, Robbie was primarily employed in pipeline work that kept him away from home for several weeks at a time. After the parties' separation, he began driving a truck for a living which allowed him to work from 8:00 a.m. to 5:00 p.m. and to be home every evening. While Robbie testified that his mother and sister would be available to help him with the kids should he be named custodial parent, the evidence showed that his mother had recently accepted a job as a school custodian and his sister was attending college.

Robbie testified that he is a regular churchgoer and that his kids attend church when they are with him. He accused Kristy of meeting men at casinos and inviting them to come to her home when the kids are present. Kristy admitted that she goes to the casino when her kids are not with her and that she had invited men that she met to come to her home. She testified, however, that when her male friends visit, they usually spend time with her kids playing games such as basketball.

Robbie testified that rather than encouraging and facilitating a relationship between him and the kids, Kristy does not let the kids speak to him while they are in her custody. He claims that he wants the kids to have a good relationship with Kristy and that he has done nothing to thwart that relationship. On the other hand, Kristy testified that she did limit the kids' telephone contact with Robbie only because they would misbehave after speaking with their father. She also claimed that Robbie was talking to the kids about the relationship between her and Robbie and how he wanted them to be back together as a family. Robbie admitted under cross-examination that he had in the past sent messages to Kristy through Tyler

asking her to come home. He insisted, however, that he no longer communicates with Kristy through his kids.

Kristy testified that while she and Robbie originally exchanged the kids at a shut-down store located between their homes on Highway 10, she later moved their exchange location to the Oakdale Police Station after Robbie began stalking her and she feared for her safety.

Tyler testified at trial out of the presence of his parents. He stated that he was going through a hard time due to his parents' divorce. When asked where he preferred to live and attend school, Tyler stated that he wanted to live with his daddy and go to Plainview. Nevertheless, he confirmed that he was doing okay in school at Oakdale, that he was making good grades, and that he was playing basketball through school. Tyler testified that he goes to his maternal grandmother's house every day after school and that they get along well. He stated that he sometimes gets in trouble at home when he and his sister are play fighting and do not stop when their mother tells them to quit.

In a recent case, this court found no abuse of discretion in a trial court's failure to include an analysis of Article 134 factors in a judgment concerning child custody, noting that "no exhaustive analysis of La.Civ.Code art. 134 is required under the law." *Stewart v. Stewart*, 11-1334, p. 6 (La.App. 3 Cir. 3/7/12), 86 So.3d 148, 154. In so finding, we noted that had either party desired that the trial court issue written findings of fact and/or reasons for judgment, they could have requested as much pursuant to La.Code Civ.P. art 1917.

After considering the testimony and the record in its entirety, we are convinced that the trial court did not abuse its vast discretion in naming Kristy as the domiciliary parent and in granting Robbie visitation according to the Joint Custody Plan. In addition, after considering the facts and circumstances of this

6

case in light of the factors contained in La.Civ.Code art. 134, we cannot say that the trial court abused its discretion in finding it was in the children's best interest to have Kristy named as the domiciliary parent. Robbie's first assignment of error lacks merit.

Because we have found no merit to Robbie's contention that the trial court erred in naming Kristy as the children's primary custodial parent, we do not need to address his second assignment of error, i.e., that the trial court abused its discretion in the amount of child support awarded to Kristy each month, as that argument was premised on our finding merit to his first assignment of error.

### DECREE

For the forgoing reasons, we affirm the judgment of the trial court granting joint custody of Bryleigh and Tyler Willis to Robbie Wayne Willis and his ex-wife, Kristy Lorraine Lowe Willis, designating Kristy as the domiciliary parent, and ordering Robbie to pay her $956 per month as child support. All costs of this appeal are assessed against Robbie Wayne Willis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.