NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**CA 12-1192**

**KARA MARGARETT DAVIS**

**VERSUS**

**KEITH EDWARD GRIFFITH**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 83818, DIV. A
HONORABLE ERIC ROGER HARRINGTON, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Marc T. Amy, Shannon J. Gremillion, and John E. Conery, Judges.

**AFFIRMED.**

**Robert Charles Owsley**
**Murchison & Murchison**
**Post Office Box 226**
**Natchitoches, Louisiana 71458-0226**
**(318) 352-2302**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Kara Margaret Davis**

**Thomas D. Davenport, Jr.**
**The Davenport Firm**
**429 Murray Street, 6th Floor**
**Alexandria, Louisiana 71301**
**(318) 445-9696**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **Keith Edward Griffith**

**CONERY, Judge.**

In this child custody case, the father, Keith Edward Griffith (Mr. Griffith) appeals the trial court's judgment granting joint custody of his minor child and designating the mother of the minor child, Kara Margarett Davis (Ms. Davis), as the domiciliary parent. The trial court also divided the physical custody of the minor child between the parents, granting Ms. Davis nine days of physical custody, alternating with Mr. Griffith's five days of physical custody. Mr. Griffith urges the trial court erred in failing to award 50/50 physical custody, in accordance with La.R.S. 9:335(A)(2)(b), and failed to follow the guidelines provided in La.Civ. Code. art. 134, which he claims equally favored the parents of the minor child. Finding no abuse of discretion, we affirm.

## FACTS AND PROCEDURAL HISTORY

The underlying facts of this case are undisputed. On October 6, 2010, Ms. Davis filed a Petition to Establish Paternity and a Petition for Custody of her daughter born on August 5, 2010. In her petition Ms. Davis alleged that Mr. Griffith was the father of the minor child, having been listed as the biological father on the birth certificate. She alleged that although there was no dispute as to the paternity of the child, she was merely seeking to establish a judicial declaration of paternity.

Mr. Griffith responded with an answer and reconventional demand requesting that a paternity test be conducted to confirm he was the biological father. Further, Mr. Griffith requested that, if the testing proved his paternity, he be granted joint custody with domiciliary parent status, or in the alternative, shared custody.

By virtue of a November 8, 2010 consent judgment the parties submitted to DNA testing, which determined that Mr. Griffith was the biological father of the minor child. The trial court was involved from the beginning of the custody process and was instrumental in crafting the original detailed and thorough child custody arrangement which allowed gradual extended visitation for Mr. Griffin. The parties agreed to an interim consent judgment, approved by the trial court on February 1, 2011. On February 14, 2011, the trial court also ordered Mr. Griffith to pay $500.00 per month in child support retroactive to February 1, 2011, the date the interim consent judgment was approved by the trial court.

The interim consent judgment ordered joint custody between the parties and designated Ms. Davis as the domiciliary parent. It further granted Mr. Griffith graduated visitation, beginning with six months of supervised visitation with the minor child and graduating to three weekends of each month and some weekday afternoons. The trial court continued to monitor the custody of the minor child during the interim process.

On September 19, 2011, after a hearing on a motion for mental health evaluation made by Mr. Griffith, the trial court ordered the parties and the child, if necessary, to submit to mental health and custody evaluations with Dr. Daniel Lonowski in Alexandria, and assessed the cost of the evaluations to Mr. Griffith.[1]

The trial of this matter was held on February 23, 2012. The trial court thoughtfully considered the evidence and issued extensive oral reasons which were incorporated into an April 2, 2012 judgment ordering in pertinent part that:

> IT IS ORDERED ADJUDGED AND DECREED that the parties shall share the joint legal care, custody and control of the minor child namely, KARYSSA TAYLOR GRIFFITH, with Kara Margarett

---

[1] The minor child was just over one year old and was not evaluated.

2

Davis being designated as the domiciliary parent subject to the physical custody of Keith Edward Griffith as follows:

- Kara Margarett Davis will have physical custody of the minor child from Monday, February 27, 2012 until Tuesday, March 6, 2012 at 5:00 p.m. Keith Edward Griffith will have physical custody of the minor child on the Thursday during this period from 5:30 to 7:30 p.m. Keith Edward Griffith will then have physical custody of the minor child from Tuesday, March 6, 2012, at 5:00 p.m. through Sunday, March 11, 2012 at 5:00 p.m.

- The parties will then follow a set routine that will alternate in the following manner:

  Kara Margarett Davis will have physical custody from Sunday at 5:00 p.m. until Tuesday of the following week at 5:00 p.m. Keith Edward Griffith will have physical custody of the minor child on the Thursday that falls in this period from 5:30 until 7:30 p.m. Keith Edward Griffith will then have physical custody of the minor child from Tuesday at 5:00 p.m. until the following Sunday. At that time Kara Margarett Davis will then take custody of the child again and the parties will continue to following (sic) this alternating pattern

- The party who is to be gaining physical custody of the child will be responsible for providing transportation to pick up the minor child.

- Only the parties are to be responsible for the exchange of the minor child.

- The parties are to share or alternate custody of the minor child during the major holidays each year.

- The parties are to share or alternate time with the minor child on her birthday.

      -      Mother's Day is to be spent with Kara Margarett Davis.

      -      Father's Day is to be spent with Keith Edward Griffith.

On April 18, 2012, following the court's ruling, a detailed Joint Custody Implementation Plan was approved by both parties and their counsel and incorporated the trial court's judgment of April 2, 2012. Additional detailed orders concerning the care and welfare of the child were included.

Mr. Griffith has timely appealed the April 2, 2012 judgment, asserting that the trial court committed legal error by awarding joint but not equal custody.

## LAW AND DISCUSSION

### *Standard of Review*

In the absence of "manifest error" or unless it is "clearly wrong," an appellate court may not set aside a trial court's findings of fact. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). In a child custody dispute, the appellate courts accord substantial deference to the trial judge's conclusions. "The trial judge is in a better position to evaluate the best interest of a child from his observance of the parties and the witnesses and his decision will not be disturbed on review absent a clear showing of abuse." *Steinebach v. Steinebach*, 07-38, p.4 (La.App. 3 Cir. 5/2/07), 957 So.2d 291, 294 (internal citations omitted). "Both the Louisiana Legislature and the Louisiana Supreme Court have made it abundantly clear that the primary consideration and prevailing inquiry is whether the custody arrangement is in the best interest of the child." *Id.* at 294. *See also Evans v. Lungrin,* 97-541, 97-577 (La. 2/6/98), 708 So.2d 731.

In addition, the supreme court in *Housley v. Cerise,* 579 So.2d 973, 976 (La.1991) (quoting *Sistler v. Liberty Mutual Insurance Co.,* 558 So.2d 1106 (La.1990)), specifically clarified the role of the appellate court by stating, "if the trial court or jury's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." This court in *McCorvey v. McCorvey,* 05-174, p. 4 (La.App. 3 Cir. 11/2/05), 916 So.2d 357, 362, *writ denied,* 05-2577 (La. 5/5/06), 927 So.2d 300, further stated: "The basis for this principle of review is grounded not only upon the better capacity of the trial court to evaluate live witnesses, but also upon the proper allocation of trial and appellate functions between the respective courts."

*Assignment of Error*

Mr. Griffith urges that the trial court erred in awarding joint rather than shared custody of 50/50, in accordance with La.R.S. 9:335(A)(2)(b), and the factors outlined in La.Civ.Code art. 134 which require a trial court to consider twelve factors in order to determine what is in the best interest of the child.

Louisiana Revised Statutes 9:335 provides, in pertinent part:

A. (1) In a proceeding in which joint custody is decreed, the court shall render a joint custody implementation order except for good cause shown.

(2)(a) The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents.

(b) **To the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally.**

(3) The implementation order shall allocate the legal authority and responsibility of the parents.

5

B. (1) In a decree of joint custody the court shall designate a domiciliary parent except when there is an implementation order to the contrary or for other good cause shown.

(2) The domiciliary parent is the parent with whom the child shall primarily reside, but the other parent shall have physical custody during time periods that assure that the child has frequent and continuing contact with both parents.

(3) The domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise. All major decisions made by the domiciliary parent concerning the child shall be subject to review by the court upon motion of the other parent. It shall be presumed that all major decisions made by the domiciliary parent are in the best interest of the child.

(Emphasis added.)

As provided in Article 134, the factors to be considered by the trial court

"may include":

(1) The love, affection, and other emotional ties between each party and the child.

(2) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(3) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(4) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(5) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6) The moral fitness of each party, insofar as it affects the welfare of the child.

(7) The mental and physical health of each party.

(8) The home, school, and community history of the child.

(9) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11) The distance between the respective residences of the parties.

(12) The responsibility for the care and rearing of the child previously exercised by each party.

The testimony presented at the hearing was extensive, and the trial court was very familiar with the case due to prior proceedings. Additionally, the parties and the trial court were privy to the opinions of Dr. Lonowski through his written reports received prior to the hearing. As the trial court stated, "there were not many real surprises in his testimony."

In making its determination on the request of Mr. Griffith to share physical custody of the minor child on a 50/50 basis, the trial court stated:

I do not find any evidence that outweighs Dr. L[o]nowski's expert opinion that it is in the child's best interest to spend more time with her father. When questioned by counsel about what [e]ffect the actual amount of time a parent works would have and thus would not get to spend with the child, Dr. L[o]nowski said he would leave that question up to the Court.

The trial court then discussed the work schedules of both parties and found as follows:

I am persuaded that in a 50/50 arrangement Ms. Davis would spend significantly more time with the child than Mr. Griffith would. I heard the testimony of Mr. Griffith and his employer, yet it was clear that he would be working most days, at least for several hours. That is contrasted with Ms. Davis who owns her own business, can control her own hours, and can work from home.

In making its ruling the trial court considered the twelve factors outlined in Article 134 of the Civil Code and stated:

I don't find that any of them particularly favor one parent over the other. What I think makes the difference here is the amount of time each parent will be able to spend personally with the child. Because of this while I am of the opinion that Mr. Griffith should have more time with [the minor child]. I don't believe that it should be 50% of the time because he won't be able to be with her as much as Ms. Davis would during periods of physical custody for the reasons that I just stated.

The trial court then ruled that the "parents should continue to share joint custody of the child." The trial court then recognized that La.R.S. 9:335(A)(2)(b) states: "**[To] the extent it is feasible and in the best interest of the child, physical custody of the children should be shared equally**." (Emphasis added.) However the trial court also correctly stated that jurisprudence interpreting this statute provides that "**substantial time, rather than strict equality of time, is the objective of joint custody**." *Barrios v. Barrios,* 45,295, p.7 *(*La.App. 2 Cir. 3/3/10), 32 So.3d 324, 328. (Emphasis added.)

In a recent case, this court also found no abuse of discretion in a trial court's failure to include an analysis of the Article 134 factors in a judgment concerning child custody, noting that "no exhaustive analysis of La.Civ.Code art. 134 is required under the law." *Stewart v. Stewart*, 11-1334, p. 6 (La.App. 3 Cir. 3/7/12), 86 So.3d 148, 154.

After considering the testimony and the record in its entirety, we are convinced that the trial court did not abuse its vast discretion in naming Ms. Davis as the domiciliary parent and granting Mr. Griffith physical custody according to the judgment rendered in open court on February 23, 2012, read and signed on April 2, 2012, and memorialized in greater detail in the joint custody implementation plan signed on April 18, 2012. It is obvious from the record that the trial judge put a great deal of time into this case and thoughtfully considered all

options. His decision was clearly based on what he believed and found to be in the best interest of the child.

After considering the facts and circumstances of this case, in light of the factors contained in La.Civ.Code art. 134 and the requirements of La.R.S. 9:335(A)(2)(b), we cannot say the trial court abused its discretion in determining that shared physical custody on a 50/50 basis was not in the best interest of the child. Mr. Griffith's assignment of error lacks merit.

## DECREE

For the forgoing reasons, we affirm the judgment of the trial court granting joint custody of their minor child to Kara Margarett Davis and Keith Edward Griffith, subject to the April 2, 2012 judgment, designating Ms. Davis as the domiciliary parent and the joint custody implementation plan signed on April 18, 2012. All costs of this appeal are assessed against Keith Edward Griffith.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

9