## NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CU 0857

K.S.[1]

VERSUS

K.J.S.

JUDGMENT RENDERED:     **FEB 2 5 2021**

* * * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany • State of Louisiana
Docket Number 2015-11329 • Division "K"

The Honorable Mary C. Devereux, Judge Presiding

* * * * * * *

Richard L. Ducote
Covington, Louisiana

Joshua Allison
Covington, Louisiana

Mark J Mansfield
Amy C. Cowley
Covington, Louisiana

ATTORNEYS FOR APPELLANT
PLAINTIFF—K.B.

ATTORNEYS FOR APPELLEE
DEFENDANT—K.J.S.

* * * * * * *

**BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.**

---

[1] In order to protect the identity of the minor children, we refer to the parents and the minor children by their initials throughout this opinion. See Uniform Rules—Courts of Appeal, Rule 5-1 and 5-2.

*Whipple, C.J. concurs. Pretermitting whether the trial court applied the correct standard to modify the prior consent judgment, under the standard which govern our review, I am unable to say the trial court's ultimate decision was an abuse of discretion, even considering the troubling nature of the father's conduct.*

**WELCH, J.**

In this child custody dispute, the mother, K.S. (now "K.B."), appeals a trial court judgment that, among other things, awarded her and the children's father, K.J.S. ("K.S."), joint custody of their minor children, designated K.B. as the children's domiciliary parent, and awarded K.S. specific physical custodial time. Finding no abuse of the trial court's broad discretion, we affirm the judgment and issue this memorandum opinion in compliance with Uniform Rules—Courts of Appeal, Rule 2-16.1(B).

K.B. and K.S. were married on February 21, 2004. One child was born of the marriage, L.S., and one child was adopted, R.S. K.B. filed a petition for divorce on April 2, 2015, seeking, among other things, that the parties be awarded joint custody of the minor children and that she be designated as the domiciliary parent. K.S. responded by filing an answer and reconventional demand, likewise seeking an award of joint custody. Pursuant to a consent judgment signed by the trial court on May 18, 2015, the parties were awarded joint custody of the minor children, with K.B. designated as the children's domiciliary parent, subject to specific physical custodial periods in favor of K.S.

On February 23, 2018, K.S. filed a rule for contempt and request for a parenting coordinator, as well as a motion seeking a modification of custody.[2] Therein, K.S. alleged that K.B. had engaged in a "constant campaign of disparagement of [K.S.] to the minor children, ... hiding information about the

---

[2] Previously, on July 15, 2015, K.S. filed a rule for contempt and request for a parenting coordinator based on allegations that K.B. violated the consent judgment by refusing to allow and/or limiting his custodial time and had been making disparaging comments about/to him. After a hearing officer conference, the hearing officer issued a report on September 2, 2015, finding that K.S. would more likely than not show that K.B. was in contempt for willfully violating the court's order, that K.B. had denied K.S. his court-ordered custodial time, and that "she [was] undermining [K.S.'s] parental role and his relationship with his children." The hearing officer recommended that, since the consent judgment was only a few months old, K.B. receive a "stern reprimand" and "caution as to what her duty is as domiciliary parent, and the consequences of not abiding by a [c]ourt order." The hearing officer, while noting that K.S. had withdrawn his request for a parenting coordinator, stated that if further allegations of contempt were filed against K.B., the trial court should consider that initial contempt proceeding.

children from [K.S.], insults, harassment and threats to [K.S.] in front of the children[,] and repeated efforts to frustrate even minimal custodial time between the minor children and [K.S.]." Based on the allegations of the pleading, K.S. sought, among other things, a modification of the parties' physical custodial arrangement to provide for equal physical custody, modification of the legal custodial arrangement by designating him as the domiciliary parent, the appointment of a parenting coordinator, and that K.B. be found in contempt of court. Pursuant to an interim judgment signed by the trial court on May 2, 2018, the parties stipulated to the appointment of Tom Nielsen, LCSW, as parenting coordinator pursuant to La. R.S. 9:358.1, *et seq.*, and that as parenting coordinator, he would be permitted to make binding recommendations to the parties. On May 14, 2018, K.B. filed a motion seeking sole custody of the children, a mental health evaluation and drug test of K.S., a modification of K.S.'s child support obligation, and for contempt of court. Her motion focused on K.S.'s arrest for malfeasance in office (he was employed as a police officer) and distribution of marijuana.[3]

The parties subsequently dismissed all pending claims other than each party's request for a modification of custody. A trial was held on February 7 and February 19, 2019, and at the conclusion of trial, the trial court ruled, among other things, that the parties would have joint custody of the minor children and that K.B. would be designated as domiciliary parent, subject to specific physical custodial periods in favor of K.S. A judgment in accordance with the trial court's ruling was signed on May 8, 2019, and it is from this judgment that K.B. appeals. On appeal, K.B. essentially challenges the trial court's denial of her request for sole custody of the children and its award of unsupervised custodial time to K.S.[4]

---

[3] The record reflects that K.S. subsequently pleaded guilty to and was incarcerated on these charges. However, at the time of the custody trial, he had already completed his sentence.

[4] On appeal, K.B. does not assert any arguments challenging the specific physical custodial periods awarded to K.S. Instead, she only complains about the award of joint custody and its

The paramount consideration in any determination of child custody is the best interest of the child. La. C.C. art. 131. The best interest of the child is the sole criterion to be met in making a custody award, as the trial court "sits as a sort of fiduciary on behalf of the child, and must pursue actively that course of conduct which will be of the greatest benefit to the child." **C.M.J. v. L.M.C.**, 2014-1119 (La. 10/15/14), 156 So.3d 16, 28 (quoting **Turner v. Turner**, 455 So.2d 1374, 1378-1379 (La. 1984)). It is the child's emotional, physical, material, and social well-being and health that are the court's very purpose in child custody cases; the court must protect the child from the real possibility that the parents are engaged in a bitter, vengeful, and highly emotional conflict. **C.M.J.**, 156 So.3d at 28. The legislature has mandated that the court look only to the child's interests so that the court can fulfill its obligations to the child. *Id.* at 28-29.

Louisiana Civil Code Article 132 provides that "in the absence of agreement [among the parents], or if the agreement is not in the best interest of the child, the court shall award custody to the parents jointly[.]" However, as further provided in La. C.C. art. 132, "if custody in one parent is shown by clear and convincing evidence to serve the best interest of the child, the court shall award custody to that parent." Thus, under La. C.C. art. 132, K.B.'s burden was to prove—by clear and convincing evidence—that sole custody, as opposed to joint custody as originally agreed to, was in the best interest of the children.

Louisiana Civil Code article 134 provides a non-exclusive list of factors that the trial court shall consider, along with all other relevant factors for the

---

award of unsupervised custodial time. In addition, K.B. specifically contends that the trial court erred in its application of La. C.C. arts. 132 and 134 (set forth herein), and in failing to apply La. R.S. 9:341 (restriction on visitation when a parent has subjected the children to family violence) and La. R.S. 9:361-369 (the Post-Separation Family Violence Relief Act). However, despite K.B.'s claims, the trial court made a specific factual finding that although there was evidence that the parties argued, there had been no abuse. Further, the trial court specifically found that neither party had a history of abuse nor was likely to abuse the children. Based on our review of the entire record, we find no manifest error in the trial court's factual finding in this regard. As such, we find no error in the trial court's failure to apply the provisions of La. R.S. 9:341 and/or La. R.S. 9:361-369.

4

determination of the best interests of the child, and the determination as to the weight given each factor is left to the discretion of the trial court. **Hodges v. Hodges**, 2015-0585 (La. 11/23/15), 181 So.3d 700, 703. More specifically, La. C.C. art. 134 provides:

A. Except as provided in Paragraph B of this Article, the court shall consider all relevant factors in determining the best interest of the child, including:

(1) The potential for the child to be abused, as defined by Children's Code Article 603, which shall be the primary consideration.

(2) The love, affection, and other emotional ties between each party and the child.

(3) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(4) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(5) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(6) The permanence, as a family unit, of the existing or proposed custodial home or homes.

(7) The moral fitness of each party, insofar as it affects the welfare of the child.

(8) The history of substance abuse, violence, or criminal activity of any party.

(9) The mental and physical health of each party. Evidence that an abused parent suffers from the effects of past abuse by the other parent shall not be grounds for denying that parent custody.

(10) The home, school, and community history of the child.

(11) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(12) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party, except when objectively substantial evidence of specific abusive, reckless, or illegal conduct has caused one party to have reasonable concerns for the child's safety or well-being while in the care of the other party.

5

(13) The distance between the respective residences of the parties.

(14) The responsibility for the care and rearing of the child previously exercised by each party.

B. In cases involving a history of committing family violence, as defined in R.S. 9:362, or domestic abuse, as defined in R.S. 46:2132, including sexual abuse, as defined in R.S. 14:403, whether or not a party has sought relief under any applicable law, the court shall determine an award of custody or visitation in accordance with R.S. 9:341 and 364. The court may only find a history of committing family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence.

"The illustrative nature of the listing of factors contained in [La. C.C. art.] 134 gives the court freedom to consider additional factors; and, in general, the court should consider the totality of the facts and circumstances of the individual case." **Hodges**. 181 So.3d at 703. The consideration of all relevant factors under [La. C.C. art.] 134 should be followed in actions to change custody, as well as in those to fix custody initially. La. C.C. art. 134, 1993 Revision Comment (d). However, the trial court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors. **Breaux v. Breaux**, 96-214 (La. App. 3rd Cir. 7/17/96), 677 So.2d 1106, 1108. The court is not bound to give more weight to one factor over another, and when determining the best interest of the child, the factors must be weighed and balanced in view of the evidence presented. See **Moreau v. Moreau**, 15-564 (La. App. 4th Cir. 11/18/15), 179 So.3d 819, 823. Moreover, the factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor is left to the discretion of the trial court. See **C.M.J.**, 156 So.3d at 28.

In this case, the trial court heard significant testimony from both K.B. and K.S., as well as their respective witnesses, including Mr. Nielsen, the parenting coordinator. Most of the evidence focused on the complaints that each parent had

regarding the other, as well as the arguments between the parties. At the conclusion of trial, the trial court determined that joint custody to both parents with K.B. designated as the domiciliary parent was in the best interest of the children.[5] Implicit in the trial court's award of joint custody was the determination that K.B. did not meet her burden of proving that she should be awarded sole custody with K.S. having limited, supervised visitation. In reaching this conclusion, the trial court specifically analyzed the evidence in accordance with each relevant factor set forth in La. C.C. art. 134. With respect to the first factor, the trial court found there was no history of or potential for either party to physically abuse the children. The trial court found the evidence weighed in favor of both parties as to factor number two (the love, affection, and other emotional ties between each party and the child), factor number four (the capacity and disposition to provide the child with food, clothing, medical care, and other material needs), and factor number ten (the home, school, and community history of the child). The trial court expressed no opinion as to factor number six (the permanence, as a family unit, of the existing or proposed custodial home or homes) and found that factor number eleven (the reasonable preference of the child) was not an issue. With regard to factor thirteen (the distance between the respective residences of the parties) the trial court noted that the parties lived fairly close to each other.

The trial court found that the evidence weighed in favor of K.B. with respect to factor number three (the capacity and disposition of each party to give the child

---

[5] We note that according to the trial court's reasons for judgment, it was under the impression that this custody trial was an initial custody determination, and therefore, in its ruling, only addressed the best interests of the children and the factors set forth in La. C.C. art. 134. However, as previously set forth, the parties entered into a consent judgment on May 18, 2015 providing for an award of joint custody with K.B. designated as the domiciliary parent. In order to modify that custody decree, K.B. would have had the burden of proving (and the trial court would have had to find) not only that an award of sole custody was in the best interest of the children, but also, that there had been a change in circumstances materially affecting the welfare of the children. See **Evans v. Lungrin**, 97-0541 (La. 2/6/98), 708 So.2d 731, 738. However, because the trial court did not modify the prior joint custody award or the domiciliary parent designation, we need not address this issue.

love, affection, and spiritual guidance and to continue the education and rearing of the child) because she was probably more inclined to keep them in the religion in which the children were raised since birth. The trial court also found the evidence in favor of K.B. as to factor number five (the length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment), factor number seven (the moral fitness of each party, insofar as it affects the welfare of the child), and factor number fourteen (the responsibility for the care and rearing of the child previously exercised by each party). As to factor number eight, (the history of substance abuse, violence, or criminal activity of any party), the trial court found there was no evidence that either parent had any substance abuse issues; however, it noted that K.S. had some criminal activity. As to factor number nine (the mental and physical health of each party), the trial court noted that it had no evaluation of K.B., and that K.S. had undergone therapy and was being appropriately treated and medicated for his issues.

Lastly, the trial court found that as to factor twelve (the willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party), the evidence weighed against K.B. (and in favor of K.S.). The trial court then urged K.B. to become more willing to facilitate a relationship between the children and K.S.

Based on our review of the record, we agree with the trial court's implicit determination that the evidence introduced at trial fails to clearly and convincingly demonstrate that sole custody in favor of K.B. was in the best interest of the children. Therefore, we cannot say that the trial court abused its discretion in maintaining the award of joint custody to the parties, with K.B. designated as the children's domiciliary parent, subject to specific physical custodial periods in favor of K.S.

8

Accordingly, the May 8, 2019 judgment of the trial court is affirmed. All costs of this appeal are assessed to the plaintiff/appellant, K.B.

**AFFIRMED.**